**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

> *Mandelkow, et al. v. Islamic Republic of Iran*, No. 20-cv-00315
> *Alcabes, et al. v. Islamic Republic of Iran*, No. 20-cv-00340
> *Anderson, et al. v. Islamic Republic of Iran*, No. 20-cv-00354
> *Ahearn, et al. v. Islamic Republic of Iran*, No. 20-cv-00355
> *Asciutto, et al. v. Islamic Republic of Iran*, No. 20-cv-00411
> *Amin, et al. v. Islamic Republic of Iran*, No. 20-cv-00412
> *Basci, et al. v. Islamic Republic of Iran*, No. 20-cv-00415

GEORGE B. DANIELS, United States District Judge:

On March 3, 2023, Magistrate Judge Sarah Netburn submitted a Report and Recommendation reviewing seven motions[1] for partial default judgment against Defendant Islamic Republic of Iran on behalf of alleged Plaintiff victims of the September 11, 2001 terrorist attacks (the "9/11 Attacks"). (Mar. 3, 2023 R. & R., ECF No. 8901.) These Plaintiffs constitute those who developed chronic and ultimately fatal medical conditions after 9/11-related environmental exposures ("Latent Injury Decedents") and their surviving family members ("Surviving Family Members"). Magistrate Judge Netburn found that the Court's evaluation of the motions required supplemental evidence,[2] (*id.* at 26), which Plaintiffs submitted via letter on May 1, 2023, (Suppl. Letter, ECF No. 9066).

---

[1] (*See Ahearn* Default Mot., ECF No. 8346; *Alcabes* Default Mot., ECF No. 8350; *Anderson* Default Mot., ECF No. 8354; *Mandelkow* Default Mot., ECF No. 8358; *Basci* Default Mot., ECF No. 8362; *Asciutto* Default Mot., ECF No. 8369; *Amin* Default Mot., ECF No. 8373.) Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570.

[2] This Court had granted Plaintiffs' an extension of time to file supplemental evidence and recommitted the matter to the Magistrate Judge. (Mar. 13, 2023 Mem. Decision and Order, ECF No. 8920, at 3.)

Before this Court is Magistrate Judge Netburn's July 18, 2023 Report and Recommendation (the "Report"), recommending that this Court grant the motions for partial default judgment sought by the Latent Injury Decedents identified in the Report's Appendix A and deny the motions for default judgment sought by the Surviving Family Members.[3] (Report, ECF No. 9216.) Because Plaintiffs filed timely objections, (Objs. (the "Objections"), ECF No. 9257),[4] this Court undertakes a *de novo* review of the Report. After doing so, this Court ADOPTS Magistrate Judge Netburn's Report in full.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. *Id.* However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion." *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

---

[3] The Report incorporates the content of the March 3, 2023 Report and Recommendation. (Report at 2 n.2.)

[4] Given Defendant's default in all related cases, no response from Defendant is expected.

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN DETERMINING THE SCOPE OF LIABILITY AGAINST THE ISLAMIC REPUBLIC OF IRAN

Magistrate Judge Netburn correctly determined that the Court has subject matter jurisdiction and personal jurisdiction according to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, and that Defendant Islamic Republic of Iran defaulted. (Mar. 3, 2023 R. & R. at 4–7.) The Report evaluated Iran's liability pursuant to the six elements of 28 U.S.C. § 1605A: Plaintiffs must be (1) U.S. citizens or their personal representatives bringing claims (2) against a designated state sponsor of terrorism (3) that provided material support for (4) "an act of torture, extrajudicial killing, aircraft sabotage, or hostage taking" (5) causing (6) personal injury or death. (*Id.* at 7 (citing 28 U.S.C. § 1605A(a)(1), (c)).) Magistrate Judge Netburn then correctly determined that Plaintiffs "easily meet five of these six elements," but they must demonstrate "proximate cause." (*Id.* at 8–9.)

The Latent Injury Decedents establish proximate cause through the "substantial factor" and "reasonably foreseeability" tests. (*Id.* at 9–13.) Representatives for decedents provided Victim Compensation Fund ("VCF") eligibility determination letters noting any illnesses triggered by the 9/11 Attacks and affidavits attesting to death from the specified illnesses. (*See Ahearn* Decl., ECF No. 8348; *Alcabes* Decl., ECF No. 8352; *Anderson* Decl., ECF No. 8356; *Mandelkow* Decl., ECF No. 8360; *Basci* Decl., ECF No. 8367; *Asciutto* Decl., ECF No. 8371; *Amin* Decl., ECF No. 8375; Suppl. Letter.) The evidence shows that the Defendant's actions were a "'substantial factor' in the sequence of events that led to'" the decedents' latent injuries. (*See* Mar. 3, 2023 R. & R. at 9–11 (citation omitted).) Further, it was "reasonably foreseeable" that, as a consequence of Iran's material support to al Qaeda for the 9/11 Attacks, the unsafe environment created by carcinogens from building materials and jet fuel would result in latent, and potentially fatal, injuries. (*Id.* at 12–13.) Thus, the Latent Injury Decedents demonstrate proximate cause and are entitled to relief.

3

The causal link between the Defendant's actions and the Surviving Family Members' injuries, however, is too far attenuated. (*Id.* at 13–16.) Proximate cause requires a "direct relation between the injury asserted" and the alleged conduct. *Holmes v. Sec. Inv. Prot. Co.*, 503 U.S. 258, 268 (1992). While this Court has found that family members of victims killed *on 9/11* are entitled to relief, (*see* Oct. 3 2012 Mem. Decision and Order, ECF No. 2623), misfortunes of a third person are generally too remote to establish proximate cause, *see Holmes*, 503 U.S. at 268–69. Here, Plaintiffs argue that because the claims of the Latent Injury Decedents are "not legally distinct" from those of decedents who died on 9/11, the claims of the Surviving Family Members of the Latent Injury Decedents "are not legally distinct" from those of family members who lost loved ones on 9/11. (*See* Objs. at 6.) In effect, the Surviving Family Members allege that

> Iran's support for al Qaeda led to the 9/11 Attacks, which created an environmental hazard that exposed the Latent Injury Decedents to toxins that, years later, caused severe medical conditions, which eventually resulted in their family members' deaths, and that those deaths—not the immediate shock and terror from the attack—caused the plaintiffs' emotional injuries.

(Mar. 3, 2023 R. & R. at 15–16.) This "chain of causation is far too long to constitute proximate cause." *MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 43 F. Supp. 3d 309, 314 (S.D.N.Y. 2014) (cleaned up).

The Report correctly applied proximate cause principles to cabin an otherwise indefinite scope of liability. (*See* Mar. 3, 2023 R. & R. at 15.) Plaintiffs counter that Defendant's liability would be limited to only "direct victims and their immediate family members." (Objs. at 13.) But even removing family members who formed familial relationships (*e.g.*, through marriage) with Latent Injury Decedents after 9/11 and Latent Injury Decedents' children born after 9/11, the Surviving Family Members represent the creation of "a potentially unlimited class" of indirect plaintiffs related to current or even future latent injury decedents. (*See* Mar. 3, 2023 R. & R. at

4

14–15 (citing *Davis v. Islamic Republic of Iran*, 882 F. Supp. 2d 7, 14 (D.D.C. 2012).) Surviving Family Members' harms, although significant, no longer have the "reasonable connection" to the Defendant's conduct that proximate cause requires for holding Defendant liable for such harms. *See Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 235 (2d Cir. 1999) ("Because the consequences of an act go endlessly forward in time . . ., proximate cause is used essentially as a legal tool for limiting a wrongdoer's liability only to those harms that have a reasonable connection to his actions."). Because the Surviving Family Members fail to establish proximate cause, Magistrate Judge Netburn correctly determined that Iran is not liable to the Surviving Family Members. (*Id.* at 16.)

### III. MAGISTRATE JUDGE NETBURN DID NOT ERR IN DETERMINING PAIN AND SUFFERING DAMAGES FOR PLAINTIFFS

On February 7, 2020, the Court established a framework to award pain and suffering damages to individual plaintiffs who sustained injuries during the 9/11 Attacks. (Feb. 7, 2020 R. & R., ECF No. 5879, *adopted at* Feb. 14, 2020 Mem. Decision and Order, ECF No. 5946.) The framework is as follows:

| Category of Injury[5] | Pain and Suffering Damages |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000[6] |
| Devastating | $10,000,000 |

(Feb. 14, 2020 Mem. Decision and Order at 3.)

---

[5] The February 7, 2020 Report and Recommendation defines types of injuries for each category, but leaves it to the Court's discretion to determine appropriate damages (allowing further upward departures) that "most[] fairly correspond[] to all of [Plaintiff's] injuries, taken together, focusing on their severity, duration, and permanence." (Feb. 7, 2020 R. & R. at 10.)

[6] The $7,000,000 figure is the baseline assumption that this Court begins with to determine pain and suffering damages, deviating upward or downward accordingly. (Feb. 14, 2020 Mem. Decision and Order at 3.)

5

Magistrate Judge Netburn applied this proper framework to Latent Injury Decedents for their comparable injuries. (Mar. 3, 2023 R. & R. at 16–19.) The personal representatives of the Latent Injury Decedents submitted documentation and affidavits noting the nature of the Latent Injury Decedents' injuries, establishing a causal link between the injuries and the 9/11 Attacks. (*See Ahearn* Decl.; *Alcabes* Decl.; *Anderson* Decl.; *Mandelkow* Decl.; *Basci* Decl.; *Asciutto* Decl.; *Amin* Decl.; Suppl. Letter.) Each decedent identified in Appendix A of the Report suffered a latent injury triggered by the 9/11 Attacks. (*See* Mar. 3, 2023 R. & R. at 17–18; Report at 2–3.) Therefore, Latent Injury Decedent Plaintiffs are awarded pain and suffering damages as listed in Appendix A of the Report.[7] (*See* Report at 5–9.)

## IV. CONCLUSION

Plaintiffs' motions for partial default judgment are GRANTED as to the Latent Injury Decedents and DENIED as to the Surviving Family Members. It is

**ORDERED** Plaintiffs' Motion for Judgment by Default against the Islamic Republic of Iran is GRANTED and final judgment on liability is entered against the Islamic Republic of Iran, consistent with ECF No. 3443, and in favor of the Plaintiffs identified in Appendix A of the Report at ECF No. 9216; and it is further

**ORDERED** that Plaintiffs identified in Appendix A of the Report at ECF No. 9216 are each awarded judgment for pain and suffering damages in the amount indicated; and it is further

---

[7] Magistrate Judge Netburn correctly determined that Latent Injury Decedent Mark Harris suffered "devastating" injuries stemming from his role as a firefighter on 9/11, warranting an upward departure to $10,000,000 in damages. (Mar. 3, 2023 R. & R. at 18–19.) Magistrate Judge Netburn also rightly found that Latent Injury Decedent Victor Casaletto suffered "significant" injuries due to his 9/11-related skin cancer, warranting a downward departure to $5,000,000 in damages as requested by his estate. (Report at 2–3.) All other Latent Injury Decedents shall receive the baseline of $7,000,000 due to the "severe" nature of their injuries. (*Id.* at 5–9; *see also* Mar. 3, 2023 R. & R. at 18.)

**ORDERED** that prejudgment interest is awarded for these pain and suffering damages at a rate of 4.96 percent per annum, compounded annually, from September 11, 2001, to the date of judgment; and it is further

**ORDERED** that the motions for partial default judgment on behalf of Latent Injury Decedents Rebecca A. Buck, Dennis M. Organ, Robert Carlo Rossi, Michael F. Shipsey, and Donna Siciliano are DENIED with leave to refile once the proper parties are substituted; and it is further

**ORDERED** that the motions for partial default judgment brought by the Surviving Family Members are DENIED; and it is further

**ORDERED** that Plaintiffs may, at a later date, submit applications for punitive damages, or other damages (to the extent such awards have not previously been ordered) consistent with any future rulings made by this Court on this issue.

Dated: August 9, 2023
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge